# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RANDY A. HART,

    Plaintiff,

v.                                                CASE NO. 8:21-cv-1620-WFJ-JSS

GRADY JUDD, *et al.*,

    Defendants.
_____/

## O R D E R

Mr. Hart, a Florida pre-trial detainee, initiated this action *pro se* by filing a civil rights complaint (Doc. 1) in which he alleges that he was falsely arrested and detained. He moves to proceed *in forma pauperis* under 28 U.S.C. § 1915 (Id., pp. 3-4).

Section 1915(g) provides:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]

Mr. Hart's prior cases, dismissed as either frivolous, malicious, or for failing to state a claim upon which relief may be granted include *Hart v. Judd*, 8:11-cv-1590-T-

---

[1] Although Mr. Hart is a pre-trial detainee, he is subject to § 1915(g) because "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

33TBM (M.D.Fla.); *Hart v. State of Florida*, 8:13-cv-2533-T-30MAP (M.D.Fla.); *Hart v. Knight*, 8:16-cv-1337-T-33JSS (M.D.Fla.); and *Hart v. Hays*, 8:16-cv-1391-T-17TGW (M.D.Fla.). Because he has had at least three prior dismissals that qualify under Section 1915(g) and because he alleges no facts showing he is under imminent danger of serious physical injury, Mr. Hart may not proceed *in forma pauperis*. This preclusion against proceeding *in forma pauperis* is without regard to the merits of the present civil rights complaint. Mr. Hart may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

Accordingly, the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to filing a new complaint, in a new case, with a new case number, upon the payment of the filing fee. The **CLERK** must serve a copy of this Order on Mr. Hart, with a blank form petition for writ of habeas corpus under 28 U.S.C. § 2241, and close the case.[2]

**ORDERED** in Tampa, Florida, on July 12, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copy to: Randy A. Hart, *pro se*

---

2 Mr. Hart's allegation that he "is being held in unlawful detention" (Doc. 1, p. 1) appears to challenge the fact of his pre-trial detention, which is cognizable in a § 2241 proceeding. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").